IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LISA D. BEAN,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 2:20-cv-00704-CMR<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Cecilia Romero |

This matter is referred to the undersigned by consent of the parties under 28 U.S.C. §636(c) (ECF 10). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security disability benefits under Title II of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on February 24, 2022 (Hearing) (ECF 28), the undersigned concludes that the Commissioner has committed reversible error. For the reasons stated on the record at the Hearing, and as outline below, the court REVERSES the Commissioner's decision and REMANDS this action for further administrative proceedings consistent with this decision.

## BACKGROUND

On August 28, 2017, Plaintiff applied for a Period of Disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) alleging disability beginning September 29, 2016 (Certified Administrative Transcript (Tr.) 239-40). Plaintiff alleged disability due to failed thoracic vertebroplasty, lumbar disc disease, and fibromyalgia (Tr. 295).

She has a two-year college degree and has been licensed as a Registered Nurse since 1982 (Tr. 296).

After a hearing and supplemental hearing (Tr. 32-69, 70-86), an administrative law judge (ALJ) issued a November 12, 2019, decision finding that Plaintiff was not disabled (Tr. 7-26). The ALJ found that Plaintiff had severe impairments, but that her medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 14-15). The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform "light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ladders, ropes, or scaffolds. The claimant can occasionally stoop and frequently climb ramps and stairs. The claimant can frequently reach overhead. The claimant can frequently handle and finger bilaterally" (Tr. 15). Considering this RFC, the ALJ found that Plaintiff could perform the job of Office Nurse, which exists in significant numbers in the national economy (Tr. 20). Therefore, the ALJ concluded that Plaintiff was not disabled under the standards of the Act (Tr. 20).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

## LEGAL STANDARDS

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

(1)   The claimant presently engages in substantial gainful activity;
(2)   The claimant has a medically severe physical or mental impairment or impairments;

2

    (3)    The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
    (4)    The impairment prevents the claimant from performing his or her past work; and
    (5)    The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.*

A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At Step 5 of the sequential evaluation process, the Commissioner bears the burden of proving that the claimant has the RFC to do work existing in significant numbers in a national economy. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)).

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235

3

(10th Cir. 1984)).

## DISCUSSION

On appeal, Plaintiff challenges the ALJ's Step 5 determination (Plaintiff's Brief (Pl. Br. 4) (ECF 21)).  Plaintiff argues that a conflict exists between the Dictionary of Occupational Titles' (DOT's) description of the occupation Office Nurse as light work and the vocational expert (VE) testimony that this same occupation may require greater than light exertional demands (Pl. Br. 4-7).  Defendant asserts the ALJ's decision is supported by substantial evidence and should be affirmed (Answer Brief (Ans. Br.) (ECF 25)).

It is not disputed that the only job identified by the ALJ that Plaintiff could perform given her RFC is as an Office Nurse (Tr. 19).  According to the DOT, an Office Nurse requires the strength of light work, which is defined as exerting "up to 20 pounds of force occasionally."  *See* DOT #075.374-014, 1991 WL 646753.  To support her argument, Plaintiff focuses on questioning by her attorney at the administrative hearing where Plaintiff's attorney asked the VE whether, in an emergency situation, an Office Nurse might be expected to lift more than 20 pounds (Tr. 61-68).  The VE initially responded that a nurse could do it with the assistance of other people within the office setting or could call an ambulance (Tr. 65-67), but later agreed that in an emergency situation a nurse may be required to lift somebody weighing more than 20 pounds (Tr. 67-68).  Therefore, Plaintiff argues, this created an unresolved conflict between the VE evidence and the DOT as set out in Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, which requires the adjudicator to fully develop the record to determine whether there is an inconsistency.  Defendant contends the VE testimony is speculative as it related only to emergency situations and does not amount to an "apparent conflict" within the meaning of SSR 00-4p (Ans. Br. 6-7).  The court disagrees.

When determining whether a claimant can perform work in the national economy, the ALJ may take administrative notice of a number of sources including the DOT. 20 C.F.R. § 404.1566(d)(1). Additionally, an ALJ may utilize a VE and rely on the expert's testimony as a basis for the ALJ's conclusions. *Holt v. Colvin*, 2015 WL 13662607 *2, 2015 U.S. Dist. LEXIS 187061 *5 (D. N. Mex. Apr. 16, 2015) (noting ALJ may utilize VE to "supply an opinion about the claimant's ability to perform work in the national economy").

Moreover, it is well established "that the agency accepts definitions in the [DOT] as reliable evidence..." *Gallegos v. Saul*, Civ. No. 19-397 SCY, 2020 WL 5506113 at *10 (D.N.M., Sept. 11, 2020). The DOT, however, uses a different and considerably more extensive classification scheme for skill requirements than the agency's regulations. *Haddock vs. Apfel*, 196 F.3d. 1084, 1089 (10th Cir. 1999). As a result, all kinds of implicit conflicts are possible, and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every question. *Gibbons v. Barnhart*, 85 F. App'x. 88, 93 (10th Cir. 2003).

As set out in SSR 00-4p, when there is an apparent unresolved conflict between the evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE evidence to support the determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record the adjudicator will inquire on the record as to whether or not there is such an inconsistency or consistency. Neither the DOT nor the VE evidence automatically trumps when there is a conflict. *See* SSR 00-4p, 2000 WL 1898704 at *2*. The adjudicator must resolve a conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than the information found in the DOT. *Id*. Here, the ALJ

5

failed to resolve the apparent conflict as required by SSR 00-4p. In this case the ALJ found that Plaintiff was limited to light work as defined by 20 C.F.R. § 404.1567, which limits light work to lifting only up to 20 pounds occasionally (Tr. 15). But the VE testified on cross-examination that it was in fact possible that Plaintiff would have to lift more than 20 pounds in an emergency situation, and the ALJ did not address if this would impact her ability to perform the Office Nurse position as set out in the DOT. Given that the single job identified for Plaintiff to perform was an Office Nurse (Tr. 20), this conflict amounts to a material error.

While the VE explicitly testified her testimony was consistent with the DOT (Tr. 68), the ALJ failed to investigate and elicit a reasonable explanation for the apparent conflict between the DOT and the VE testimony that the job of Office Nurse would potentially require Plaintiff to lift more than 20 pounds in an emergency situation. This is reversible error, and the court remands the case to resolve this conflict.

## ORDER

For the reasons stated at the Hearing, and as outlined above, the Commissioner's decision is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Decision and Order.

DATED this 23 March 2022.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah